IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CANDY CULLARI, | : | No. |
|        Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| METROPOLITAN LIFE | : | |
| INSURANCE COMPANY, | : | |
|        Defendant | : | |

## COMPLAINT

Plaintiff, Candy Cullari, by and through her counsel, Joseph H. Jones, Jr, Esquire of Williamson, Friedberg and Jones, LLC, asserts the following cause of action against Defendant, Metropolitan Life Insurance Company, stated as follows:

### Parties

1. Plaintiff, Candy Cullari, is an adult individual residing at 166 West Lake Drive, Pine Grove, Schuylkill County, Pennsylvania 17963.

2. Defendant, Metropolitan Life Insurance Company, is believed to be a Delaware Corporation with its principal place of business being located at One Madison Avenue, New York, NY 10010.

3. Plaintiff was a participant in a Group Long Term Disability Plan for the employees of Pennsylvania Protection and Advocacy, Inc. under a Group Long Term Disability Policy issued by Defendant ("the Plan").

4. The Plan qualifies as a Welfare Benefit Plan under the Employment and Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").

5. Plaintiff, by this Complaint challenges Defendant's wrongful denial of a claim submitted by Plaintiff for long term disability benefits under the Plan.

## Jurisdiction and Venue

6. This Court has personal and subject matter jurisdiction over this case pursuant to 29 U.S.C. § 1132 (a)(1)(B).

7. This Court has venue over this case pursuant to 29 U.S.C. § 1132 (e)(2), as the unlawful denial of Plaintiff's claim for long term disability benefits under the Plan occurred within the Middle District of Pennsylvania.

## Factual History

8. Plaintiff was involved in a motor vehicle accident which occurred on November 13, 2013 as a result of which she sustained, among other injuries, a complex fracture of the right radius and ulna (her dominant hand) which ultimately led to the onset of reflex sympathetic dystrophy/complex regional pain syndrome of the right arm.

9. Up until the date of the accident, Plaintiff worked full time for Pennsylvania Protection and Advocacy, Inc. (also known as the "Pennsylvania Disability Network").

10. Following the accident, Plaintiff attempted to return to work but due to the injuries sustained in the accident and the onset of the reflex sympathetic dystrophy/complex regional pain syndrome of the right arm became fully disabled and unable to work as November 14, 2013.

11. Thereafter, Plaintiff applied for long term disability benefits under the Plan.

12. Following an Elimination Period, Plaintiff was awarded long term disability benefits under the Plan through February 4, 2015.

13. By letter dated November 6, 2015, Defendant terminated Plaintiff's long term disability benefits under the Plan as of February 5, 2015. A true and correct copy of this letter is attached hereto as Exhibit "A."

14. Plaintiff filed an appeal of the denial of long term disability benefits under the Plan with Defendant by letter dated May 2, 2016, supplemented by correspondence dated May 24, 2016, June 10, 2016, July 6, 2016 and July 12, 2016. A copy of this correspondence, without enclosures, is attached hereto as Exhibits "B," "C," "D," "E," and "F," respectively.

15. Defendant denied the appeal by letter dated August 3, 2016. A true and correct copy of this letter is attached hereto as Exhibit "G."

16. The grounds for denying the appeal was summarized by stating that there was a lack of clinical evidence to support restrictions and limitations for the

time period in question that demonstrated that Plaintiff was unable to perform her own occupation as of February 5, 2015 on a full-time basis.

17. The Plan accords an insured disability benefits when, due to sickness, pregnancy or accidental injury, you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and during the Elimination Period and the next 24 month period, you are unable to earn more than 80% of your Predisability Earnings or Indexed Predisability Earnings at your Own Occupation for any employer in your Local Economy.

18. At all times relevant hereto, Plaintiff qualified for long term disability benefits under the Plan's definition of disability, and Defendant's denial of Plaintiff's claim for long term disability benefits under the Plan was wrongful, an abuse of discretion, and arbitrary and capricious.

19. As a result of Defendant's improper denial of Plaintiff's disability benefits, she has not received any disability payments beyond November 4, 2015.

**WHEREFORE**, Plaintiff prays for the following relief:

a. Declaratory relief that she is entitled to disability benefits, past, present, and future;

b. An award of damages in an amount equal to the long term disability benefits she would have been entitled to receive under the Plan had her claim not been wrongfully denied, plus interest;

    c.    Reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132 (g)(1);

    d.    Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

**WILLIAMSON, FRIEDBERG & JONES, LLC**

Date: <u>November 16, 2016</u>    By: _____
**JOSEPH H. JONES, JR.**
I.D. No. 32301
Ten Westwood Road, P.O. Box 1190
Pottsville, PA 17901
(570) 622-5933
Attorneys for Plaintiff